**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REBECCA B. RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br><br>Defendant. | Case No. 5:20-cv-01201<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** REBECCA B. RIVERA, through undersigned counsel, complaining of MONARCH RECOVERY MANAGEMENT, INC., as follows:

**NATURE OF THE ACTION**

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.; and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. REBECCA B. RIVERA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 902 Church Street, Redlands, California 92374.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. MONARCH RECOVERY MANAGEMENT, INC. ("Monarch") is a corporation organized and existing under the laws of the state of Delaware.

9. Monarch has a principal place of business at 3260 Tillman Drive, Suite 75, Bensalem, Pennsylvania 19020.

10. Monarch is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Monarch uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

12. Monarch is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

13. Synchrony Bank issued a PayPal branded MasterCard® account in Plaintiff's name bearing an account ending in 5793.

14. Over time, Plaintiff made $2,481.99 in personal charges to this PayPal MasterCard® account.

15. However, Plaintiff's financial situation changed – Plaintiff defaulted on payments and Plaintiff's unpaid $2,481.99 balance was charged-off and referred for collection.

16. Plaintiff's $2,481.99 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Plaintiff's $2,481.99 balance is a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

18. Monarch sent a letter (the "Letter") to Plaintiff, dated February 17, 2020, which stated:

| ACCOUNT INFORMATION | | |
|---|---|---|
| Date of letter: | February 17, 2020 | Creditor: SYNCHRONY BANK |
| Account #: | ************5793 | |
| Monarch File #: | 29522533 | Additional Information: PayPal MasterCard® |
| Balance: $2,481.99 | | |

This is to advise you that your account has been transferred to our office for collection by SYNCHRONY BANK.

The account balance is $2481.99.

Unless you notify this office ***in writing*** within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

(emphasis added).

19. Monarch's unlawful collection practices deprived Plaintiff of federally-provided consumer rights.

20. Concerned with having had his rights violated, Plaintiff was forced to retain counsel and incur attorney's fees to vindicate his rights.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692e**

22. Section 1692e provides:

3

> A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. Monarch violated 15 U.S.C. §§ 1692e and e(10) by misrepresenting Plaintiff's right to dispute the debt by means other than a writing under §1692g(a)(3).

**Violation(s) of 15 U.S.C. § 1692g**

24. Section 1692g(a) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25. It is settled law in the Ninth Circuit that the FDCPA allows debtors to dispute a debt orally or in writing. *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081-82 (9th Cir. 2005)

26. Accordingly, a debt validation notice that requires a dispute be in writing violates § 1692g(a)(3) of the FDCPA. *Id*. at 1082.

27. Monarch's collection notice in question violated 15 U.S.C. § 1692g(a) insofar as it stated that disputes had to be made in writing.

28. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e, e(10) and g(a)(3) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Monarch violated 15 U.S.C. §§ 1692e, e(10), and g(a)(3);

B. award any actual damage sustained by Plaintiff as a result of Monarch's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

**COUNT II:**
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.17**

30. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

31. Monarch violated Cal. Civ. Code § 1788.17 insofar as they violated 15 U.S.C. §§ 1692e, e(10), and g(a)(3).

32. Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action.  Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Monarch violated Cal. Civ. Code § 1788.17;

B. an award of any actual damages sustained by Plaintiff as a result of Monarch's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 12, 2020

Respectfully submitted,

**REBECCA B. RIVERA**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com